appellant also requested that eight named persons be subpoenaed as witnesses at government expense. The trial court refused this request. Even in a criminal case, where it is the district court's clear duty to order that subpoenas be issued upon the request of an indigent defendant at the cost of the government, that duty is not absolute. Rule 17(b), Federal Rules of Criminal Procedure. The court's action upon such requests is generally not reviewable in the absence of an abuse of discretion. See Goldsby v. United States, 1895, 160 U.S. 70, 16 S.Ct. 216, 40 L.Ed. 343; Austin v. United States, 9 Cir., 1927, 19 F.2d 127; United States v. Kinzer, D.C.D.C.1951, 98 F. Supp. 6. Certainly no less discretion was allowable to the district court in this civil action, whatever the court's power may have been. Cf. Adkins v. E. I. Du Pont De Nemours & Co., 1947, 335 U.S. 331, 337, 69 S.Ct. 85, 93 L.Ed. 43.

The trial court was not in error, and its order dismissing the complaint in this case is hereby affirmed.

Benjamin R. Donolow, Philadelphia, Pa., for appellant.

William J. Woolston, Philadelphia, Pa. (Julian E. Goldberg, Philadelphia, Pa., on the brief), amici curiae for American Civil Liberties Union, Greater Philadelphia Branch.

William C. Storb, Lancaster, Pa., for appellees.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

PER CURIAM.

This is an appeal from the dismissal of the plaintiff's petition for an injunction. The plaintiff sought to enjoin the defendants, two police officers and the commonwealth's attorney, "from using as evidence any testimony * * * concerning the alleged telephone conversations of complainant in any proceedings now pending or which may hereafter be brought against complainant * * *" and an order directing the defendants "to suppress all evidence based on wire tapped telephone conversations * * *." It will be noted that both prayers for relief are directed to the use of the alleged information or testimony gained by wire tapping in court proceedings against the plaintiff. He says that his rights are given by the Federal Com-

---

Tony VOCI, Appellant,

v.

William C. STORB, Al Farkas and Frank Matt.

No. 11874.

United States Court of Appeals Third Circuit.

Argued June 7, 1956.

Decided June 13, 1956.

munications Act, § 605, 47 U.S.C.A. § 605.

We are unable to see any distinction between the problem of the propriety of federal intervention at this stage presented in this case and that in Stefanelli v. Minard, 3 Cir., 1950, 184 F.2d 575, affirmed with the opinion by Mr. Justice Frankfurter in 1951, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138.

The judgment of the district court will be affirmed.

**UNITED STATES of America,**
**Appellee,**

v.

**Benjamin ROCKOWER, Petitioner-**
**Appellant.**

**No. 371, Docket 23978.**

United States Court of Appeals
Second Circuit.

Argued May 17, 1956.

Decided June 29, 1956.

Writ of Certiorari Denied Nov. 5, 1956.

Leonard P. Moore, U. S. Atty., Eastern District of New York, Brooklyn, N. Y. (Marie L. McCann, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for appellee.

Florence M. Kelley, Legal Aid Society, New York City (Jerome T. Orans and Norman Roy Grutman, New York City, of counsel), for petitioner-appellant.

Before MEDINA, LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

We affirm on the opinion of Judge Byers, reported at 136 F.Supp. 225, and on the further ground that the appellant has not proved the representation afforded him was inadequate. This court is indebted to assigned counsel for their assistance.

Affirmed.

**Paul Lee HIBDON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 12793.**

United States Court of Appeals
Sixth Circuit.

June 2, 1956.