**Tony VOCI**

v.

**Al FARKAS.**

No. 20910.

United States District Court
E. D. Pennsylvania.

Aug. 23, 1956.

104

Benjamin R. Donolow, Philadelphia, Pa., for plaintiff.

William C. Storb, Lancaster, Pa., for defendant.

VAN DUSEN, District Judge.

This case comes before the court[1] on defendant's motion under Fed.Rules Civ. Proc. rule 12(b), 28 U.S.C., to dismiss the complaint, which alleges that from July 19, 1954, to July 21, 1954, inclusive, defendant intercepted telephone conversations between plaintiff and others by an "unauthorized 'tap'," made tape recordings of such conversations, and has divulged, as well as will divulge in the future, the contents of the conversations in violation of 47 U.S.C.A. § 605.[2] The complaint asks that the defendant be enjoined from divulging the contents of these communications and be

[1] The matter was listed specially, by direction of Chief Judge Kirkpatrick, for argument on August 22, 1956, as a result of defendant's motion for special listing, alleging the facts summarized in paragraphs C and D of the opinion and that the Lancaster County criminal proceeding is now scheduled for trial during the week of September 10, 1956. At the argument, counsel for defendant pointed out that unless the trial (already delayed for almost a year as a result of proceedings in this court and in the Court of Appeals for the Third Circuit) took place during the week of September 10, it would have to be postponed until December 1956.

[2] This section of the Federal Communications Act provides:
"* * * no person not being authorized by the sender shall intercept any communication and divulge or publish the * * * contents * * * of such intercepted communication to any person * * *."
The Supreme Court has construed this Section 605 as follows in Schwartz v. State of Texas, 1952, 344 U.S. 199, 201, 203, 73 S.Ct. 232, 234, 97 L.Ed. 231:
"Although the intercepted calls would be inadmissible in a federal court, it does not follow that such evidence is inadmissible in a state court. * * * The problem under § 605 is somewhat different because the introduction of the intercepted communications would itself be a violation of the statute, but in the absence of an expression by Congress, this is simply an additional factor for a state to consider in formulating a rule of evidence for use in its own courts. Enforcement of the statutory prohibition in § 605 can be achieved under the penal provisions of § 501.
* * * * *
"We hold that § 605 applies only to the exclusion in federal court proceedings

directed to deliver the tape recording to the court for destruction.

The uncontradicted affidavit of the defendant discloses these facts:

A. Defendant has been, ever since prior to July 19, 1954, a police officer of Lancaster, Pennsylvania, and the interception of the telephone conversations between July 19 and July 21, 1954, was done under orders of his superior police officers.

B. The only divulging of the contents of these conversations by defendant has been in the prosecution of plaintiff on the charge of bookmaking[3] (No. 161 of June Term 1954, Court of Quarter Sessions of Lancaster County) and to his superior police officers, to members of the District Attorney's office and at the preliminary hearing.

C. In December 1955, plaintiff filed a complaint in this court (No. 19,932), naming the District Attorney of Lancaster County and a co-police officer as well as this defendant as defendants, seeking to restrain them from using the contents of these telephone conversations of July 1954 as evidence in any proceeding against plaintiff and to suppress and destroy all such evidence. This complaint was dismissed by order of this court in January 1956 and this order was affirmed by the Circuit Court of Appeals for the Third Circuit on June 13, 1956, Voci v. Storb, 235 F.2d 48.

D. The complaint in the action now before the court, filed June 20, 1956, is based on the identical facts involved in the complaint filed in December 1955.

At the argument, the defendant's counsel consented to the entry of a decree enjoining and restraining his client from divulging the contents of the above-mentioned telephone conversations, except such divulging as is required in the prosecution of crimes solely within the power of the Commonwealth of Pennsylvania. For this reason, the question before this court is: Should this court exercise its equitable power to restrain a city police officer from using wire tap evidence in a state court prosecution for the crime of bookmaking?

There has been no showing that plaintiff will sustain "clear and imminent"[4] injury by raising in the pending state court proceeding his contention that the Federal Communications Act prohibits the admission of this evidence, which proceeding is subject to review by the Supreme Court of the United States assuming his federal grounds are appropriately asserted. Under such circumstances, it has been consistently held that the federal courts should not exercise their equitable powers to interfere with the prosecution of crimes solely within the power of a state. See Stefanelli v. Minard, 3 Cir., 1950, 184 F.2d

---

of evidence obtained and sought to be divulged in violation thereof; it does not exclude such evidence in state court proceedings. Since we do not believe that Congress intended to impose a rule of evidence on the state courts, we do not decide whether it has the power to do so."

The Pennsylvania Supreme Court has recently declared its policy does not require the suppression of this type of evidence in cases involving this type of crime. See Commonwealth v. Chaitt, 1954, 176 Pa.Super. 318, 107 A.2d 214, affirmed, 1955, 380 Pa. 532, 112 A.2d 379, certiorari denied, 1955, 350 U.S. 829, 76 S.Ct. 59. Also, the most recent Pennsylvania General Assembly

failed to pass any of several bills introduced to modify or limit the scope of the holding in the Chaitt case, supra, (see, for example, House Bills 94, 248, 726 and 1445 and Senate Bills 46, 196 and 266).

3. The affidavit of defendant points out that the allegations in the complaint filed in the previous action in this court (see paragraph C of this opinion) state that plaintiff had been arrested and indicted on charges of bookmaking as a result of the intercepted conversations.

4. The complaint makes no allegation of "clear and imminent" injury to plaintiff and it is most unlikely that such an allegation could be supported.

575, affirmed, 1951, 342 U.S. 117, 120–122, 72 S.Ct. 118, 96 L.Ed. 138; Douglas v. City of Jeannette, Pa., 1943, 319 U.S. 157, 163, 63 S.Ct. 877, 87 L.Ed. 1324.[5]

 Furthermore, since a judgment on the merits of plaintiff's right to injunctive relief in the federal courts was entered for defendant in the previous action (No. 19,932) and has been affirmed on appeal,[6] the plaintiff is precluded from relitigating his right to this same injunctive relief against this defendant in this action, even though he should, which he does not do in this record, present a ground for relief other than those presented in the prior action.[7] See Restatement of Judgments, §§ 43, 49, 50, 63 & 70.[8] The rationale for this rule is stated as follows in Section 63 of the Restatement of Judgments (Comment a.): [9]

"Where in the second action the plaintiff bases his claim on the same right on which he based his claim in

---

5. This has been the view of other United States District Court judges. McGuire v. Amrein, D.C.D.Md.1951, 101 F.Supp. 414, 420–421; Hoffman v. O'Brien, D.C. S.D.N.Y.1949, 88 F.Supp. 490, 494. See also Chapter 646 of the Act of Congress of June 25, 1948, 62 Stat. 968, 28 U.S. C.A. § 2283.

The recent decisions of the Supreme Court of the United States in Rea v. United States, 1956, 350 U.S. 214, at pages 216 and 217, 16 S.Ct. 292, at page 294, emphasized that the holding was based on the court's "supervisory powers over federal law enforcement agencies" (which are not involved here) by saying: "The District Court is not asked to enjoin state officials nor in any way to interfere with state agencies in enforcement of state law. * * * "No injunction is sought against a state official."

6. See opinion of Circuit of Appeals for the Third Circuit dated June 13, 1956 (No. 11,874).

7. A comparison of the complaint filed by the plaintiff in December 1955 (No. 19,-932) and the complaint filed in the present case (No. 20,910) clearly demonstrates the following:

a. The plaintiff is the same in each case.

b. Al Farkas is one of three defendants in Action 19,932 and the sole defendant in Action 20,910.

c. The legal ground for relief based on 47 U.S.C.A. § 605 is alleged in both complaints.

d. In each case the conduct of the defendant, Al Farkas, in intercepting the telephone conversations between the plaintiff, Tony Voci, and others occurred "from July 19, 1954 and up to and including July 21, 1954."

e. The only difference of any importance between the two complaints is that in the first action the plaintiff properly stated that Al Farkas was a police officer, that his divulgence of the intercepted conversations was for the purpose of giving testimony, and that future use of such testimony was contemplated at the trial of Voci on the charge of bookmaking. This information has been properly added to the record in this case by defendant's affidavit.

8. Comments a. and b. under Section 49 make clear that a judgment for the defendant, based upon the ground that the plaintiff is not entitled to maintain his action in the court in which judgment is rendered, bars the plaintiff from maintaining a further action in that court but, of course, does not bar the plaintiff from raising the merits of his claim in another court such as in the criminal proceeding pending in Lancaster County. See, particularly, last paragraph on page 194 and first paragraph of Comment b. of Section 49. The decision in Stefanelli v. Minard, supra, makes clear that this state court criminal proceeding is the proper place for the plaintiff to present his contentions.

9. This section of the Restatement has been cited with approval by the Circuit Court of Appeals for the Third Circuit in at least two recent cases: see Williamson v. Columbia Gas and Electric Corp., 3 Cir., 1950, 186 F.2d 464, 468, certiorari denied, 1951, 341 U.S. 921, 71 S.Ct. 743, 95 L. Ed. 1355; Scarano v. Central R. Co. of N. J., 3 Cir., 1953, 203 F.2d 510, 512. In the Williamson case, that court quoted the following statement from the opinion of Mr. Justice Holmes in United States v. California & Oregon Land Co., 1904, 192 U.S. 355, 358, 24 S.Ct. 266, 48 L.Ed. 476:

" 'But the whole tendency of our decisions is to require a plaintiff to try his whole cause of action and his whole case at one time. He cannot even split up his claim * * * and, a fortiori, he cannot divide the grounds of recovery.' " [186 F.2d 468.]

the prior action and on the same violation of duty by the defendant, it is not a different cause of action merely because he asserts different grounds for recovery from those which he asserted in the prior action. He is barred by the prior judgment, not only where the grounds alleged in the second action were alleged in his complaint in the prior action and he failed to prove them, but also where he failed to allege these grounds in his complaint and therefore was precluded from proving them in the prior action.

"The rule has the effect of coercing the plaintiff to present all of his grounds for recovery in the first proceeding, which is similar to the coercion upon the defendant to produce all of his defenses to the claim set up by the plaintiff (see § 47). As the defendant cannot after judgment for the plaintiff attack the judgment because of new defenses to the plaintiff's claim even though he was not aware of them at the time of the judgment, so likewise, after a judgment for the defendant, the plaintiff cannot, subject to the conditions stated herein, allege new grounds for recovery on the same cause of action upon which the judgment was rendered against him, even though he was not aware of these grounds when he brought the original action."

This language is particularly applicable in this case since the hearing judge suggested to counsel for plaintiff at the pre-trial conference in the prior action on December 19, 1955, that he broaden the scope of his complaint by amend-

ment prior to the hearing, which was then set for January 12, 1956. Counsel for plaintiff elected not to change his complaint and now asks consideration of types of relief which he could have requested in the prior action.[10]

### Final Order

It is ordered that Al Farkas, the defendant, is enjoined and restrained from divulging, by any means whatsoever, the contents of any telephone conversations of Tony Voci, plaintiff, which were intercepted between July 19, 1954, and July 21, 1954, inclusive, except such divulging of these conversations as is required by said defendant, in his capacity as a police officer of the City of Lancaster, Pennsylvania, in the prosecution of crimes solely within the power of the Commonwealth of Pennsylvania. The foregoing exception shall cover, but shall not be limited to, such divulging as is necessary in the prosecution of the trial of the plaintiff, Tony Voci, in the pending proceeding (No. 161, June Term 1954, in the Court of Quarter Sessions of Lancaster County) in the courts of the Commonwealth of Pennsylvania. The prosecution of the case in such pending proceeding in the courts of the Commonwealth of Pennsylvania shall include the following: conferences with associate and superior police officers, conferences with the District Attorney or a duly designated member of his staff, and testimony before any duly constituted judicial entity of the Commonwealth of Pennsylvania.

It is further ordered that the prayer of the complaint that the tape recording of the above-mentioned telephone conversations be destroyed is denied.

Each party shall pay his own costs.

---

10. In the interests of justice, the hearing judge suggested at the argument that the defendant be restrained from divulging the intercepted conversations except in the limited state court proceedings referred to in the order attached to this opinion, and counsel for defendant raised no objection to this procedure. However, it is doubtful whether plaintiff is entitled to this relief as a matter of right in view of the prior proceeding in this court.