Hugh S. Coyle, J.
Defendants Floyd Dinan, Milton Poplees, Frank Castellucci and Albert Bricker were indicted by the *212 Grand Jury of Westchester County for several alleged violations of sections 974 and 986 of the Penal Law of the State of New York (book-making). The above named defendants and defendant Frank Poplees, also known as Frank Day, were, in addition, indicted for violation of section 580 of the Penal Law (conspiracy to violate said statutes). All of the above charges are misdemeanors.
Defendants move for inspection of the Grand Jury minutes or in the alternative for examination of said minutes by the court and for dismissal of the indictments. The present motion is made on the authority of the recent decision of the United States Supreme Court in Benanti v. United States (355 U. S. 96). The court there held that evidence obtained by State officials under a State statute was barred by section 605 of the Federal Communications Act (U. S. Code, tit. 47, § 605) in a prosecution in a Federal court.
The record in the case here shows and the prosecution concedes that the evidence presented to the Grand Jury and used to obtain the indictments was based upon recordings obtained pursuant to “ wire tap ” orders issued under section 813-a of the Code of Criminal Procedure.
The question presented is a serious one which has a real and substantial bearing upon procedures to be followed in the future by law enforcement officers and agencies in investigation of and the prosecution for violations of our Penal Laws.
Over the years the methods and practices of criminal procedure have been developing* in a pattern to supply greater protection to the rights and liberties of individuals accused of crime. Intermittently there have been serious retrogressions and abuses of the right of those accused of crime, but that the general philosophy in the administration of criminal law is in favor of greater protection of the rights of the accused is plainly manifest.
In the determination of the Benanti case (supra) the court construed section 605 of the Federal Communications Act, the pertinent portion of which was quoted as follows: “ no person not being* authorized by the sender shall intercept any communication and divulge or publish the existence, contents substance, purport, effect, or meaning of such intercepted communication to any person ”.
Our highest court in the Benanti case (supra, pp. 99-100) discussed its own decisions in the two Nardone cases (Nardone v. United States, 302 U. S. 379; 308 U. S. 338) and in Schwartz v. Texas (344 U. S. 199) and observed that the Benanti case con *213 taining elements of the three above oases, “ forces a choice between the different results reached The court then chose to rest its decision squarely on section 605 of the Federal Communications Act and the public policy underlying it, and not on constitutional grounds.
There are numerous decisions in our Court of Appeals on the question of the right to receive evidence obtained under ‘ ‘ wire tap” statutes and that court has consistently and repeatedly upheld State legislation and law enforcement officers operating thereunder in the administration of the criminal law.
The Schwartz case referred to above more closely resembles the case here under consideration in that, there, as here a State law was being followed by State enforcement officers. The real question presented is as to the effect of the Benanti decision by the United States Supreme Court on its own holding in the Schwartz case.
Unfortunately from a fair reading of the decision in the Benanti case that degree of clarity which would be conclusive is not found. In its decision in the Benanti case (supra, pp. 102, 105) the United States Supreme Court did state that it was not dealing with a mere 11 rule of evidence ”, but rather with a Federal statute which is, “ a prohibition in plain terms, did not mean to allow state legislation which would contradict ” section 605 of the Federal Communications Act, and the policy underlying the legislation.
Some point has been made that our own Court of Appeals decisions have not been considered in certiorari by the United States Supreme Court, and were thus affirmed. This occurred prior to the decision in the Benanti case (supra). In this connection, it is of interest to note that in the case of People v. Stemmer (298 N. Y. 728) where the precise question here being considered was presented, the United States Supreme Court affirmed by an equally divided court (336 U. S. 963).
The Grand Jury minutes have been reviewed and the conduct of a lengthy trial at this time does not seem to be indicated. All the facts and circumstances establish the conclusion that the weighty questions here presented should be promptly passed upon by our appellate courts. The motion to dismiss the indictments is granted.
Submit order on notice.