THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* FLOYD DINAN, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* MILTON POPLEES, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* FRANK CASTELLUCCI, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* FRANK POPLEES, Also Known as FRANK DAY, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ALBERT BRICKER, Respondent.

Second Department, December 22, 1958.

120

*Joseph F. Gagliardi*, District Attorney (*Leonard Rubenfeld, Arthur V. Praete* and *Warren J. Schneider* of counsel), for appellant.

*George W. Scapolito* and *Walter B. Solinger, II,* for respondents.

*Frank S. Hogan*, District Attorney (*Richard G. Denzer* and *H. Richard Uviller* of counsel), for New York State District Attorneys' Association, *amicus curiæ.*

WENZEL, Acting P. J.   The question for determination is whether the decision of the Supreme Court of the United States in *Benanti* v. *United States* (355 U. S. 96, decided Dec. 9, 1957) requires or impels reversal of the rule of evidence which has been settled by the Court of Appeals of this State, namely, that evidence procured as a result of telephone wire tapping is admissible in an action or proceeding in the courts of this State. In the instant case it is conceded that the indictments of the respondents, variously for violation of statutes prohibiting gambling and conspiracy, were based on recordings of intercepted telephone communications, and it is undisputed that the evidence was thus obtained in pursuance of court orders made under section 813-a of the Code of Criminal Procedure.   If the evidence was inadmissible, the order of the County Court should be affirmed.   If the evidence was admissible, the order should be reversed and the motion to dismiss the indictments should be denied.

Prior to the decision in the *Benanti* case (*supra*) the Supreme Court of the United States had held that, in view of section 605 of the Federal Communications Act (U. S. Code, tit. 47, § 605), which forbids interception of a telephone communication and divulgence thereof (§ 501 of that act makes violation of § 605 a crime), evidence procured by or as a result of such means may not be used to secure a conviction of crime in a Federal court (*Nardone* v. *United States,* 302 U. S. 379, 308 U. S. 338), but in no case had the Supreme Court undertaken to rule that any State must conform its rules of evidence to the rule thus established for Federal courts.   State courts may adopt rules of evidence which are contrary to those adopted by Federal courts, so long as no violation of the Federal Constitution is involved (see *Stein* v. *New York,* 346 U. S. 156, 187–188; *People* v. *Spano,* 4 N Y 2d 256, 261) and, as a matter of fact, the Supreme Court in *Schwartz* v. *Texas* (344 U. S. 199), wherein a conviction in a State court, based on wire tap evidence procured at the direction of State officers, was under review, affirmed the conviction, expressly stating that section 605 applied only to

exclude wire tap evidence in Federal court proceedings and that the section " does not exclude such evidence in state court proceedings " (p. 203).

In 1946, when the Court of Appeals first dealt with the question of whether wire tap evidence ought to be admitted in a proceeding in our courts in view of section 605, it did not overlook the consideration that section 605 was a substantive law forbidding disclosure or divulgence of evidence procured by wire tapping or the fact that the Supreme Court of the United States had ruled such evidence inadmissible in Federal court proceedings (*Matter of Harlem Check Cashing Corp.* v. *Bell*, 296 N. Y. 15). Thereafter, in 1952, the Supreme Court commented that the very introduction into evidence of wire tap evidence " would itself be a violation of " section 605, and that this is a " factor for a state to consider in formulating a rule of evidence for use in its own courts " (*Schwartz* v. *Texas, supra,* p. 201). However, in the most recent case before the Court of Appeals on the subject, the court expressly answered that by stating that the rule of this State that the evidence is admissible " is not affected by the circumstance that requiring a witness to testify as to wire taps might force him to a criminal violation of the Federal Communications Act " (*People* v. *Saperstein,* 2 N Y 2d 210, 215 [1957], cert. denied *sub nom. Saperstein* v. *New York,* 353 U. S. 946). Thus, the conclusion is inescapable that the Court of Appeals positively rejected the suggestion that the New York rule of evidence be changed.

Nothing in the *Benanti* case (355 U. S. 96, *supra*) can be viewed as casting doubt upon the firmness of the rule in New York as enunciated by the Court of Appeals. Under review in that case was a conviction in a Federal court, and the Supreme Court decided that, since the case was in a Federal court, the Federal rule was applicable despite the fact that the wire tapping had been done by New York police and pursuant to a New York court order made under section 813-a of the Code of Criminal Procedure. It is true that the Supreme Court in that case held that the Congress, in enacting the Federal Communications Act (U. S. Code, tit. 47, § 151 *et seq.*), and particularly section 605 thereof, intended to set forth a comprehensive scheme for the regulation of interstate communication which precludes validity to a State statute that would even under certain circumstances permit wire tapping (Code Crim. Pro., § 813-a). The holding might justify a New York court in refusing to grant an application for an order under section 813-a (see *Matter of Interception of Tel. Communications,* 9 Misc 2d 121). However, it must not be forgotten that the Court of Appeals, in formulating and adhering to the New York rule, did so, as we have seen,

with realization that the very introduction of evidence of this nature would itself constitute the commission of a crime, one with the ostensible sanction of the trial court. Under the circumstances, the rule enunciated by the Court of Appeals should be followed. If indeed a judicial change of the rule ought to be considered, argument should be addressed to the Court of Appeals in an appropriate appeal.

The very question which is presently before us, that is, whether the *Benanti* case (355 U. S. 96, *supra*) requires a change in a State rule of evidence, has been passed upon by the Supreme Court of Pennsylvania, and that court has come to the same conclusion we reach in the instant case. In that State, the rule of evidence prior to the *Benanti* case (*supra*) was the same as in New York, the Supreme Court of that State having held, on the authority of the *Schwartz* case (344 U. S. 199, *supra*), that wire tap evidence was admissible in its State courts despite section 605 of the Federal Communications Act (*Commonwealth v. Chaitt*, 380 Pa. 532). After the *Benanti* case (*supra*) was decided, the same court refused to change the Pennsylvania rule, even after considering that case (*Commonwealth v. Voci*, 393 Pa. 404). We might note parenthetically that, after the trial and conviction in the *Voci* case, the Pennsylvania Legislature changed the rule of that State by statute (15 P. S. § 2443).

The order should be reversed on the law and the motion to dismiss the indictments should be denied.

BELDOCK, UGHETTA, HALLINAN and KLEINFELD, JJ., concur.

Order reversed on the law and motion to dismiss the indictments denied.