Van Voorhis, J.
The People appeal from the reversal by the Westchester County Court of a conviction of defendant in the Police Justice Court of the Village of Tarrytown of bookmaking in violation of section 986 of the Penal Law. He was charged under three informations tried together, which are identical except that they charge the commission of the crime on separate days — December 18, 19 and 21, 1956, respectively.
The County Court reversed in the following memorandum:
“ Although four errors are assigned for the reversal of the judgment only the contention that the trial court admitted over the objection of the defendant a transcript of a recording of a wire-tapped conversation, need engage our attention.
“It is conceded by the District Attorney that the arrest of the defendant resulted directly from the information received as a result of wire-taps on a telephone used by the defendant. In the light of this court’s holding in People v. Binan * * * [15 Misc 2d 211] and the recent decision of the United States Supreme Court in Benanti v. United States * * * [355 U. S. 96] the judgment of conviction is reversed, the informations dismissed and the fine remitted.”
*394 The County Court erred in basing its reversal on Benanti v. United States (355 U. S. 96) which is not decisive of this appeal. Assuming for argument only that the wire taps were illegally obtained, it would not be ground for reversal that illegally obtained evidence was introduced at the trial under New York State policy (People v. Richter’s Jewelers, 291 N. Y. 161; People v. Before, 242 N. Y. 13, cert. denied 270 U. S. 657). A State policy of admitting evidence having probative force, even though obtained illegally, does not contravene Federal law (Schwartz v. Texas, 344 U. S, 199). The opinion of the Supreme Court by Chief Justice Warren in the Benanti case (supra, p, 101) says concerning the Schwarts case: “ The rationale of that case is that despite the plain prohibition of Section 605, due regard to federal-state relations precluded the conclusion that Congress intended to thwart a state rule of evidence in the absence of a clear indication to that effect.”
The only basis on which the judgment of conviction might be attacked is that defendant was not proved guilty of the offenses charged beyond a reasonable doubt. He did not testify. In support of the dismissal of the informations by the County Court, it is urged that the wire taps of these three days indicated nothing, that the only papers taken from defendant at Pircio’s Cleaners (where he was telephoning across the street from Park Inn of which he was the proprietor) were a scratch sheet (National Racing Program) and a single slip of paper containing notations relating to several races being run that day which might have represented bets placed by himself. Section 986 does not proscribe betting, but only the taking of bets from others. When Pircio’s Cleaners was searched no gambling material was found there, nor anything in defendant’s own Park Inn across the street except a printed manual called ‘ ‘ Parlay Pay-off ” found in a drawer in the rear of the counter beneath the bar, and an envelope in the hallway of the Inn containing $26 and three daily double bets aggregating that sum on horses to be run on that day. It is said that these might have been for placement by defendant on his own account. Moreover, this envelope and its contents were not found with the Parlay Pay-off in the drawer under the bar, but in the public hall to which access was had by persons going to or from the men’s room or the ladies’ room in the tavern. It is said that this *395 does not establish possession by defendant, even if this horse sheet could be said in form to be sufficient to implicate anyone under section 986.
Regardless of the effect of the papers found at Park Inn, we think that the paper found in defendant’s left hand when Pircio’s Cleaners was raided is sufficient to implicate him in conjunction with the intercepted telephone call on December 21. Defendant was still at the telephone when the police arrived. The raid was made immediately after defendant had been overheard receiving these three daily double bets over the telephone. Chief Criminal Investigator McCarthy testified that the substance of the intercepted telephone conversations was as follows: 11 The entire conversation as I see here on the 21st of December, 1956 are three daily double bets. The horses in question, ‘ Ignition ’ and 1 Batchelor Club ’ are, I will use the phrase hooked up together in the 1st of the daily double bets. ‘ Robert W. ’ and ‘ Bullish Force ’ are together in the second daily double bet; and ‘ Bogey Man ’ and ‘ Bullish Force ’ is in the third daily double bet. There are three separate and distinct transactions on that particular page.”
These bets received by defendant over the telephone from some other person were recorded, in the same fashion in which they were heard to come over the wire, on the paper which defendant was found clutching in his left hand when he was arrested at the telephone.
McCarthy testified in detail respecting the contents of this paper that these horses were scheduled to run on that date (December 21,1956), and that the notation “ T ” indicated that the races were to be held at Tropical Park. McCarthy further testified: “ From the slip I can draw no other inference as a result of listening to the [wire-tap] recordings, comparing the recordings with this slip and taking into consideration the fact that this particular slip was taken from the person of Mr. Variano, I can draw no other conclusion except that Mr. Variano was reducing to writing the names of the horses, the racetrack, the amount of money and the type of bets on the 21st day of December, 1956.”
He testified that the horses on the transcript of the recording and the paper found in defendant’s hand corresponded. He was testifying as an expert on book-making with many years of experience.
*396 The order of the County Court is reversed and the matter remitted to the County Court to pass on the facts (Code Grim. Pro., §§ 543-a, 543-b).
Chief Judge Conway and Judges Desmonu, Dye, Fuld, Feoessel and Bubke concur.
Order reversed, etc.