**Milton POPLEES, Albert Bricker, Frank Castellucci, Floyd Dinan and Francis Day, Plaintiffs,**

v.

**Joseph GAGLIARDI, individually and as District Attorney of the County of Westchester, State of New York, and John Hoy, individually and as Sheriff of the County of Westchester, Defendants.**

United States District Court
S. D. New York.

Feb. 18, 1960.

Cribari, Scapolito & Solinger, Mount Vernon, N. Y., Wolfgang E. Cribari, Mount Vernon, N. Y., for plaintiff.

Harry Herman, White Plains, County Atty., N. Y., for defendants.

Though not designated "Of Counsel" in the docket or on any of the papers, in the argument before the Court the plaintiffs were represented by Joseph L. Delaney, New York City, and the defendants were represented by Leonard Rubenfeld, Chief Asst. Dist. Atty., of Westchester County, White Plains, N. Y.

BICKS, District Judge.

In 1956 the Grand Jury of Westchester County returned an indictment charging the plaintiffs, other than Francis Day, with violations of sections 974 and 986 of the Penal Law, State of New York, (bookmaking), and in 1957 another indictment charging all five plaintiffs with a violation of section 580 of the Penal Law, (conspiracy to violate such statutes).

The accused moved for inspection of the Grand Jury minutes, or, in the alternative, for examination of said minutes by the Court, and for dismissal of the indictments on the ground that they were obtained by use of evidence based upon recordings made pursuant to wiretap orders granted in consonance with New York Code of Criminal Procedure, § 813–a. The motion to dismiss was

---

granted, the Court stating in part: "All the facts and circumstances establish the conclusion that the weighty questions here presented should be promptly passed upon by our Appellate Courts." People v. Dinan, County Ct., Westchester County, 1958, 15 Misc.2d 211, 172 N.Y.S. 2d 496, 498. The State appellate courts reversed the order dismissing the indictments. 7 A.D.2d 119, 2d Dep't 1958, 181 N.Y.S.2d 122; 1959, 6 N.Y.2d 715, 185 N.Y.S.2d 806 and certiorari was denied by the Supreme Court, the Chief Justice and Mr. Justice Douglas dissenting. 1959, 361 U.S. 839, 80 S.Ct. 71, 4 L.Ed. 2d 78.

Trial of the accused was commenced on February 4, 1960, before the Hon. James D. Hopkins, County Judge of Westchester County. During the course of the examination of the jury panel questions were addressed by the Assistant District Attorney as well as by the attorneys for the accused which disclosed that intercepted telephonic communications would be presented to them as part of the evidence in the case. In his opening statement to the jury, the prosecutor "divulged the existence and substance" of the alleged wire-tap evidence. The trial continued with the presentation of the People's case on Monday, February 8, 1960, and the succeeding four court days when it was recessed pending determination of the application sub judice. In addition to the disclosures made during the jury selection process and in the prosecutor's opening statement, evidence with respect to names of horses, bets and race results which had been obtained as a result of the wire-taps has been introduced. Eight prosecution witnesses testified before said recess. The ninth witness, presently on the stand, is described by the District Attorney "as probably the most important witness for the People. He is a former member of the gambling syndicate operated by plaintiffs herein.

During the four years that this case has been pending we have been able to keep his identity a secret. This secret was disclosed by his presence upon the witness stand on February 15th, and it does not require much imagination to conclude the effect that a stoppage of the trial will have upon his availability and usefulness at some indefinite time in the future." On direct examination this witness testified that he heard the wiretapes and recognized voices of certain of the accused. When the trial was halted this witness was being cross-examined. The District Attorney urges, and with merit, that in the present posture of the trial an injunction against use of the wire-tap evidence or the fruits thereof, realistically would be tantamount to a mandatory injunction directed to him to apply for leave to enter a *nolle prosequi.*

Under all the circumstances here, Pugach v. Dollinger, 2 Cir., 1960, 275 F.2d 503,[1] does not compel granting of the injunction applied for. While it is true that the accused moved in the state courts for dismissal of the indictments on the ground that they were based on evidence obtained through wire-taps to which the sender did not consent, and petitioned the Supreme Court for certiorari to review the adverse determination of the Court of Appeals of New York, they permitted a period of upwards of four months to elapse before moving for an injunction against use of the wire-tap evidence on the trial. It was only after six trial days and the disclosure by the prosecution of an important part of its case that the injunction application was made to this Court. At this juncture it is no longer possible to maintain the status quo. Stefanelli v. Minard, 1941, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138, and indeed the prevailing opinion in Pugach, supra, teach that "it is intolerable that the federal courts should presume to interfere with the orderly process of the administration of

---

[1]. Diametrically opposite results reached in Voci v. Storb, 3 Cir., 1956, 235 F.2d 48, and McGuire v. Amrein, D.C.Md.1951, 101 F.Supp. 414, would seem to indicate that the grant of certiorari in Pugach, supra, may reasonably be anticipated.

justice in the State Courts by issuing stay orders * * * "

To interfere with proceedings in a state court once begun, except under most compelling circumstances would be an unwarranted irritation of "the most sensitive source of friction between States and Nation, namely, the active intrusion of the federal courts in the administration of the criminal law for the prosecution of crimes solely within the power of the States." Stefanelli v. Minard, supra, 342 U.S. at page 120, 72 S.Ct. at page 120.

Application for an injunction denied.