John O'ROURKE, Joseph De Grandis, Frank De Forte, Ernest Zundel, Herbert Jacob, Eugene Jacob, Lawrence Gallo, Joseph Gallo, Norman J. Clark, Jr., Charles De Forte, Anthony Pafumi, a/k/a Angelo Pafumi, Kenneth Ciazza, Pasquale Catroppa, Phillip Losquadro and Vincent Losquadro, Plaintiffs,

v.

Manuel W. LEVINE, individually and as District Attorney of Nassau County, State of New York, and John M. Beckmann, individually, and as Commissioner of Police of Nassau County, State of New York, Defendants.

No. 60–C–157.

United States District Court
E. D. New York.

Feb. 29, 1960.

Arthur Karger, New York City, for the motion.

Manuel W. Levine, Dist. Atty. of Nassau County, Port Washington, N. Y., by Henry Devine, Asst. Dist. Atty., in opposition.

RAYFIEL, District Judge.

On May 28, 1959, a Nassau County Grand Jury returned an indictment to the Supreme Court of that county charging the plaintiffs herein with the crimes of conspiracy and/or extortion, coercion or attempted extortion. The indictment was transferred to the County Court of said county for trial, and on May 29, 1959, each of the plaintiffs was duly arraigned before said County Court and entered a plea of not guilty.

The case came on for trial on February 1, 1960, on which date the selection of a jury commenced. It continued on February 2, 3, 4, 5 and 8, when the jury was selected and sworn. On February 9th opening statements were made by counsel, and on February 10th the prosecution commenced the introduction of evidence.

On February 16th, when the trial had been in progress for 11 days, the plaintiffs, claiming that they had learned

on February 15th that the District Attorney of Nassau County, in the investigation and preparation of the case, had obtained wiretap evidence which, in violation of Section 605 of the Federal Communications Act (Title 47, Section 605, U.S.C.A.) he intended to introduce at the trial, commenced an action in this Court for a permanent. injunction restraining said District Attorney, his agents or employees, from "offering or introducing in evidence against the plaintiffs upon the trial * * * any wiretap evidence * * * or any evidence or information derived from * * * or obtained through wire tapping * * *." On that date they moved under Rule 65 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for a preliminary injunction enjoining the use of said wiretap evidence, and obtained a temporary stay of such use pending the hearing and determination of the motion. On February 25th the said stay, with the consent of the defendants herein, was extended until March 7th. Following the granting of the temporary stay on February 16th the trial continued with the introduction of evidence which had not been obtained through wire tapping, so that at the close of the court day on February 24th, just prior to the extension of the stay, the trial had been in progress for 17 days. It is not disputed that the District Attorney has, and intends to use at the trial, evidence obtained through the tapping of wires, and it may be assumed that the obtainment thereof was authorized by an appropriate order granted under the provisions of Section 813–a of the New York Code of Criminal Procedure. Evidence thus obtained is admissible in criminal prosecutions in the State of New York. People v. Broady, 5 N.Y.2d 500, 186 N.Y.S.2d 230, 158 N.E. 2d 817, certiorari denied 361 U.S. 8, 80 S.Ct. 57, 4 L.Ed.2d 49.

█ The plaintiffs rely chiefly on the case of Pugach v. Dollinger, 275 F.2d 503, decided on February 11, 1960, by the Court of Appeals of this Circuit. There the Court, pending the hearing and determination of an appeal from an order denying Pugach's motion for a preliminary injunction restraining the use by the District Attorney of Bronx County of wiretap evidence in a trial against him which was about to begin, granted a temporary stay of such use.

This case appears to be distinguishable from Pugach v. Dollinger, supra. There, the trial of the case had not yet begun, and the granting of a stay was not prejudicial to the prosecution, as it had the effect only of postponing its commencement. Here, as hereinabove stated, the trial has been in progress for 17 days, during which at least a dozen witnesses have testified.

█ There is due concern, of course, for the right of persons to be protected against the threatened deprivation of their constitutional rights, and from the invasion of their privacy, sought to be safeguarded by Section 605 of the Federal Communications Act, but it is important, too, and in the public interest, that those charged with crimes against a state be prosecuted promptly and in accordance with the laws of that state, and without undue interference by federal courts. The inevitable delay in the final disposition of appeals from the order herein could result in an intolerable and confusing situation respecting the trial of these plaintiffs in Nassau County. A long interruption of the trial would manifestly be unfair to either the prosecution or the defense. Jurors would hardly be expected to remember the early testimony in the case after an extended recess. A long delay in the trial, which would appear to be not unlikely if a preliminary injunction herein should be granted, would be tantamount to abandonment of the prosecution, in which event, of course, there could be no further prosecution.

Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138, affirmed the decision of the Court of Appeals, 3 Cir., 184 F.2d 575, which had affirmed the District Court's dismissal of a complaint in an action for an injunction against the use in a state criminal prosecution in New Jersey of evidence obtained by state

police officials by means of an illegal search. In that case Mr. Justice Frankfurter, delivering the opinion of the Court, said at pages 122 and 123 of 342 U.S., at page 121 of 72 S.Ct.: "If these considerations limit federal courts in restraining State prosecutions *merely threatened, how much more cogent are they to prevent federal interference with proceedings once begun.* \* \* \* If we were to sanction this intervention, we would expose every State criminal prosecution to insupportable disruption." (Emphasis added.)

But there is still another reason for denying plaintiff's application for a preliminary injunction. The affidavit submitted in support of the application is that of Arthur Karger, Esq., attorney for John O'Rourke, one of the plaintiffs herein. He states that during a conference in the chambers of the trial judge in Nassau County on February 15th he learned of the existence and contemplated use at the trial of the wiretap evidence. None of the fifteen defendants or their attorneys has submitted an affidavit in support of that claim.

However, William Cahn, Esq., Assistant District Attorney in charge of the Nassau County trial, in his affidavit submitted in reply to the Karger affidavit, states that Frank De Forte, one of the plaintiffs herein, on the night of his arrest, and long before the commencement of the trial, admitted to him (Cahn) that he knew wiretaps were used in connection with the investigation. Cahn also states, on information and belief, it is true, that the plaintiffs John O'Rourke, Herbert Jacob and Eugene Jacob admitted, before the commencement of the trial, that they knew wiretaps were employed in the investigation. Could there be significance in the fact that Pugach v. Dollinger, supra, wherein the Court of Appeals granted a stay, was decided on February 11th, and that, Friday, February 12th, being a holiday, there was no further court day until February 15th, when the aforementioned conference in chambers took place?

In Poplees v. Gagliardi, D.C., 182 F. Supp. 784, 786, Judge Bicks, in denying an application for an injunction in a case substantially similar to the instant case, said: "To interfere with proceedings in a state court *once begun,* except under most compelling circumstances would be unwarranted irritation of 'the most sensitive source of friction between States and Nation, namely, the active intrusion of the federal courts in the administration of the criminal law for the prosecution of crimes solely within the power of the States. \* \* \*' Stefanelli v. Minard, supra, 342 U.S. at page 120, 72 S.Ct. at page 120". (Emphasis added.) I find no such compelling circumstances here.

Accordingly, the application for a preliminary injunction is denied and the temporary stay heretofore granted, as extended, is vacated.

Since the Nassau County trial is to be resumed on March 1, 1960, this is an order.